### CAMDEN FORGE CO. v. NATIONAL SALES & TRADING CO.

(District Court, E. D. Pennsylvania. January 18, 1922.)

No. 8496.

Pleading ☞49—Action for breach of warranty must proceed on definite theory.

Sales Act Pa. May 19, 1915 (P. L. 543, 562, § 69; Pa. St. 1920, § 19717), provides (1) that, where there is a breach of warranty by the seller, the buyer may at his election "(b) accept or keep the goods, and maintain an action against the seller for damages for breach of warranty; * * * (d) rescind the * * * sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller, and recover the price or any part thereof which has been paid. Second. When the buyer has claimed and been granted a remedy in any one of those ways, no other remedy can thereafter be granted." *Held,* that a buyer may not defer his election until trial, but that his action must be based definitely on one or the other of the remedies given.

At Law. Action by the Camden Forge Company against the National Sales & Trading Company. On rule to strike off statement of claim. Rule made absolute.

Levi & Mandel, of Philadelphia, Pa., for plaintiff.
George Wanger, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff claims upon a contract to purchase from the defendant 500 tons of steel billets warranted to be free from cracks, pipes, seams, and other defects. It alleges shipment and delivery to it of 584 tons at $55 per ton, at a total price of $29,810.39, received at its plant and paid for after the usual and customary inspection. It alleges that the billets were defective, through the existence of seams, porosity, and segregation, and that it was impossible, by the ordinary means of testing employed in the trade, to discover these defects until the billets were actually put in process of forging. It alleges an offer to return to the defendant, and possession subject to its orders, and a right under a custom to recover the purchase price by reason of such defects and claims the amount of the purchase price paid, together with freight charges. Having stated the above cause of action, the plaintiff claims, in the alternative, damages for breach of warranty consisting of the difference between the contract price and the market value as scrap of the material delivered, at the respective times of delivery.

The position of the plaintiff is that, if it should be precluded from recovery of the price paid through delay in the testing and inspection and rejection of the steel, and should be thereby forced to abandon its theory of holding the steel as bailee for the defendant, it may shift

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

its ground at the trial, proceed upon the theory that it took title to the steel, and recover damages for the breach of warranty.

The cause of action first alleged is that available to the plaintiff under section 69 of the Sales Act of May 19, 1915, P. L. 562, clause (d), and the alternative under clause (b), Pa. St. 1920, § 19717. The pertinent parts of the section are as follows:

"First. Where there is a breach of warranty by the seller, the buyer may, at his election: * * *

"(b) Accept or keep the goods, and maintain an action against the seller for damages for breach of warranty; * * *

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or, if the goods have already been received, return them or offer to return them to the seller, and recover the price or any part thereof which has been paid.

"Second. When the buyer has claimed and been granted a remedy in any one of those ways, no other remedy can thereafter be granted."

The office of pleadings is to inform the opposite party of the nature of the claim or defense. A defendant cannot be required to answer a claim in the alternative which leaves the plaintiff free to make its election at the time of trial. The two theories set up in the alternative by the plaintiff are entirely inconsistent. If the plaintiff has any cause of action, it either rescinded the contract of sale and offered to return the billets to the seller, in which case, if the proof is sufficient, it may recover the price paid, or it accepted the merchandise, in which case the title passed to it, and its right of action is for damages for breach of warranty. It must proceed upon a definite theory, and the statement must be good upon that theory, or it will not sustain a judgment. The right of election is not one which may be deferred until the trial. The theory upon which the plaintiff proceeds must be set out in the statement of claim.

Unless, therefore, the plaintiff shall file within 10 days a statement electing to proceed upon one or the other of the two inconsistent causes of action set out in its statement of claim, the rule to strike off the statement of claim will be made absolute.