## CHRISTOPOULOS v. CONTOS et al.

(District Court, E. D. Pennsylvania. March 12, 1925.)

No. 11108.

1. **Husband and wife ⊚⇒208 — Wife cannot maintain action for breach of contract to provide dowry.**

An action cannot be maintained by a wife for breach of a contract made before marriage to provide her with a suitable dowry, which, if the contract had been performed, would have gone to her husband and not to her, especially where it is shown by her pleading that a satisfactory dowry was supplied by other relatives.

2. **Work and labor ⊚⇒7(1) — No contract implied to pay for services performed as member of family.**

Where plaintiff entered the family of relatives under an agreement that she was to become a member of the family and be treated as a daughter, there was no implied agreement to pay her for services performed in that relation and she cannot recover therefor.

3. **Pleading ⊚⇒64(1) — Statement of claim held bad for duplicity.**

A statement of claim, which sets up in the alternative two causes of action which are inconsistent, is bad for duplicity.

At Law. Action by Mrs. Elle Backas Christopoulos against Mrs. Despina Hollis Contos and another. On motion for judgment for defendant for insufficient statement of claim. Motion granted.

William T. Cooper, of Philadelphia, Pa., for plaintiff.

Walter L. Sheppard and Porter, Foulkrod & McCullagh, all of Philadelphia, Pa., and John B. Stevens, of Reading, Pa., for defendants.

THOMPSON, District Judge. The plaintiff, Mrs. Elle Backas Christopoulos, a citizen and resident of Athens, Greece, brings suit against Mrs. Despina Hollis Contos and her husband, Constantine E. Contos, citizens and residents of Reading, Berks county, Pa. The statement of claim sets out that, prior to the spring of 1921, the plaintiff, then unmarried, resided with her parents and family in Athens, Greece; that Mrs. Contos, the plaintiff's aunt, Mr. Contos, her uncle, the two defendants in the action, and Milton G. Hollis, her uncle, then residing with the defendants, but now deceased, agreed with the plaintiff that, if she would come to America, and reside with them as a member of their family, and be treated as a daughter until such time as they should find a suitable husband for her, they would, according to an ancient Greek custom, furnish her with a proper dowry as fitted a daughter of their house in the station in which they lived and moved. The plaintiff accepted this offer, came to the defendants and Milton Hollis in Reading in May, 1921, and resided with them at their dwelling. She was given the responsibility of caring for and nursing her uncle, Milton Hollis. Thereafter other domestic cares were placed on her, until she was doing the work of a nurse in caring for her invalid uncle and of a domestic in the household.

From the statement of claim, it appears that the consideration for her becoming a member of the Contos and Hollis household

was the promise of her three elder relatives that they would supply her with a husband and a dowry, and, relying upon that promise, she continued her position as a member of the family until Mr. and Mrs. Contos adopted a small child, the care of whom she was asked to and did assume. The prospects of obtaining a husband and dowry through the promised source apparently having diminished, and the nursing and domestic duties required of her not being a satisfactory realization of the promise, she communicated with her mother in Greece. Her mother then arranged with a young Greek lawyer at Athens to become the plaintiff's husband, and that arrangement was acceptable to her and to the relatives who had induced her to come to America as one of their family. Upon reminding Mr. and Mrs. Contos, the defendants, of their promise to provide her with a suitable dowry in accordance with the ancient Greek custom, she was met with excuses and what was tantamount to refusal, and required to leave their home. Thereupon, through other relatives, a dowry agreement was made and performed, and the plaintiff was married.

The plaintiff now sues to recover the sum of $10,000, which she avers would constitute a suitable dowry for a daughter of people in the position and financial circumstances of the defendants. If, however, the defendants are not liable for the dowry, she seeks to recover $3,000 for services rendered them during the period she was with them.

The defendants object, by affidavit of defense in the nature of a demurrer, that no lawful and sufficient cause of action is alleged in the statement of claim, upon the ground that, even if the contract is sufficiently alleged (it not being stated whether it was oral or written), the claim for failure to pay the dowry cannot be sustained, because it did not result in any damage to the plaintiff, for the reasons that, first, she obtained a husband without the aid of the defendants; second, other relatives supplied a dowry, which is not alleged to have been inadequate; and, third, if a dowry had been supplied, her husband and not she herself would have been the recipient thereof, and no contract with him is alleged, nor is he a party to the suit.

[1] In my opinion, these grounds of demurrer are well taken. The definition of dowry, or, as it is sometimes called, "dote," is "that which the wife gives the husband on account of marriage, and is a sort of donation made with a view of his maintenance and the support of the marriage." 14 Cyc.

1016; Cutter v. Waddingham, 22 Mo. 206. And in Murray's Oxford Dictionary, it is defined as "the money or property the wife brings to her husband; the portion given with the wife."

If the defendants, therefore, had carried out the alleged agreement, the money or property constituting the dowry would not have gone to the plaintiff, although she, no doubt, would have received an indirect benefit from the gift, had her husband received it along with her as his wife. But the loss of such benefit as would have accrued to her thus indirectly, she has not, so far as the statement of claim shows, sustained, because of the receipt of a satisfactory dowry by her husband from other sources. It is apparent, therefore, that she has no cause of action upon the ground of the loss by her husband of a dowry.

[2] The alternative claim, for services rendered as a domestic servant, is based upon her performing, at the request of the defendants and her uncle, Milton Hollis, services in nursing the latter and the adopted child, and as a domestic servant while living with the defendants "as a daughter and a member of their family." There is no averment of any express contract for payment for these services. In view of the expressed relationship and the absence of express contract, I am of the opinion that no implied contract for payment for the plaintiff's services arises under the circumstances set forth in the statement of claim. Implied contracts arise under circumstances which, according to the ordinary course of dealing and common understanding of men, show a mutual intention to contract. The agreed relationship of daughter to the three older people negatives such implication. McIntyre Township v. Walsh, 137 Pa. 302, 20 A. 706; Hertzog v. Hertzog, 29 Pa. 465; Walker v. Marion, 148 Pa. 1, 24 A. 119; Zimmerman v. Zimmerman, 129 Pa. 229, 18 A. 129, 15 Am. St. Rep. 720.

[3] The defendants further demur to the statement of claim on the ground that two causes of action are set up in the alternative, which are inconsistent, and that therefore the statement is bad for duplicity. As the alternative causes of action are essentially repugnant, and the defendants are entitled to be informed of the nature of the claim before filing an affidavit of defense to the merits, their objection is, in my opinion, well taken. Camden Forge Co. v. National Sales and Trading Co. (D. C.) 278 F. 310. As a good cause of action, however, is not set up on either claim, an amendment eliminating

either claim would not make the statement of claim good.

As no sufficient cause of action is set up, it is unnecessary to pass upon other alleged defects in the statement of claim. And as, through the decision that neither of the alternative causes of action is sufficient in law, the whole of the claim is disposed of (section 20, Practice Act May 14, 1915; P. L. Pa. 483; Pa. St. 1920, § 17200), it is ordered that judgment be entered for the defendants.